## HENDERSHOTT V. HENRY ET AL.

1. **Estoppel**: OF WIFE TO DENY HUSBAND'S OWNERSHIP OF LAND: FRAUDULENT CONVEYANCE. Where a wife, by her acts and declarations, held out that her husband was worthy of credit by reason of his ownership of the lands in question, thus inducing plaintiff to give him credit and to render services under a contract with him, *held* that she could not afterwards take a deed from her husband for the land, and, in an action by plaintiff to subject the land to the payment for the services, be heard to claim that the husband was not the owner of the lands, but that he merely held the legal title in trust for her.

*Appeal from Wapello Circuit Court.*

TUESDAY, JUNE 3, 1884.

ACTION in chancery to subject, by a creditor's bill, certain lands conveyed by Patrick Henry to his wife and co-defendant, Mary Henry, to a judgment recovered by plaintiff against the first named defendant. After a trial upon the merits, plaintiff's petition was dismissed. He now appeals to this court.

*Stiles & Beaman*, for appellant.

*S. W. Summers*, for appellees.

BECK, J.—I. The petition alleges that plaintiff recovered a judgment against Patrick Henry, one of the defendants, for professional services rendered by plaintiff, who is an attorney at law, in defending certain criminal cases, under contract of employment with him. It is also shown that defendant, Patrick, conveyed certain lands, described in the petition, to his wife and co-defendant, for the fraudulent purpose of hindering and delaying his creditors, and especially plaintiff, and that he has no property in his own name from which plaintiff's judgment can be collected. The plaintiff prays that the lands may be declared subject to the judgment, and that other proper relief may be granted.

The answer admits the conveyance of the lands by the husband to the wife, but alleges that they were purchased by her with her own money, and were, through mistake or oversight, conveyed to him.

II. It may be admitted, for the purposes of the case, that the lands were originally purchased with money of the wife, and that, through oversight, the deeds were executed to the husband. It may be said, however, that the evidence hardly leads to a satisfactory conclusion upon this point.

III. The evidence shows without contradiction that when plaintiff was employed by Patrick, and until much of the services rendered by him were performed, the title of the lands were in the husband, and that plaintiff accepted the employment and gave credit to the husband, with the knowledge and belief that he was the owner of the lands, and plaintiff had no information that the wife made any claim thereto. It also satisfactorily appears that Patrick owned no other lands, and, indeed, after he conveyed the property to the wife, he had no property subject to execution. The wife had full knowledge of his financial condition and of the contract with plaintiff and the services performed by him. The plaintiff testifies that the wife represented to him that the husband owned lands and was amply responsible for his contracts, and that she made no claim to the lands in question. This, however, is denied by the wife, and she so testifies. But, in view of the fact that her evidence upon one or two other points of the case is unreasonable, and contradicts other testimony in the case, we think plaintiff the more credible witness. We, therefore, accept his testimony as true.

IV. We have, then, the case of the wife, by her acts and declarations, holding out that her husband was worthy of credit by reason of his ownership of the lands, thus inducing plaintiff to give him credit and render services under a contract with him. She is now estopped to deny the truth of the representations made by her words and conduct. Bige-

low on Estoppel, pp. 473, 480; *Williams v. Wells*, 62 Iowa, 740.

Equity will conclusively regard the husband as the owner of the land, and his deed to his wife will be regarded as fraudulent, as it was intended to put the land beyond the reach of plaintiff's claim.

This view of the case, which to our minds is quite satisfactory, renders the consideration of other questions unnecessary. The judgment of the circuit court is reversed, and the case will be remanded for a decree in harmony with this opinion, or, at plaintiff's option, such a decree may be entered in this court.

REVERSED.