W. H. HOSPERS, Receiver, Appellee, v. R. L. WATTS, Defendant, et al., Appellants.

No. 40167.

MARCH 18, 1930.

*Diamond & Jory,* for appellants.

*C. W. Pitts,* for appellee.

DE GRAFF, J.—The record in this cause is quite voluminous, due in the main to the pleadings of the parties, but the salient facts are easily understood.

The Bank of Paullina was a private bank, which for many years conducted a general banking business at Paullina, Iowa. Its doors were closed on November 15, 1926, and plaintiff, W.  H. Hospers, was, at the time of the commencement of the original action, the qualified and acting receiver for the Bank of Paullina. There is involved a certain 80-acre tract of O'Brien County land, which was originally owned by Elizabeth Watts, the wife of the appellant-intervener George W. Watts. On August 12, 1921, the said 80-acre tract was conveyed by war-

ranty deed, with the usual covenants, by Elizabeth Watts and George W. Watts, her husband, to R. L. Watts. On October 12, 1921, Elizabeth Watts died. At this point it may be mentioned that the claim of the interveners is that this land was conveyed at said time by the grantor Elizabeth Watts in trust for the use and benefit of her husband, George, and that said trust may be established by parol, regardless of the express terms and covenants recited in said deed. This matter will receive further mention.

On December 3, 1926, R. L. Watts, by warranty deed, with the usual covenants, conveyed the 80 acres to W. H. Downing (intervener), who also claims that the land is subject to a parol trust. All of the evidence offered in the attempt to impress a parol trust was subject to timely and proper objections. The rulings on the objections were reserved, the cause being in equity, and therefore triable *de novo* here.

It further appears that, after R. L. Watts acquired title to this 80-acre tract, he treated it as his own, and by all of his acts and conduct he announced to the world that he, R. L. Watts, was the owner. Through his attorneys in fact he took possession of the land, rented it, and collected the rents therefrom, listed it as his own with the assessor for taxation, assured the Bank of Paullina that the property was his, and listed it with said bank as part of his assets, for the purpose of obtaining credits now represented by the judgment *in rem*. At no time during the six years that R. L. Watts held the record fee-simple title to this 80 did George W. Watts, the surviving husband of the grantor, make or assert any claim adverse to the ownership which R. L. Watts was exercising. The right of dominion during these years was in R. L. Watts. Downing, who subsequently took title from R. L. Watts, was the acting attorney for George W. Watts, and both Downing and George W. Watts acquiesced in the sale of the personal property, and consented to the transfer of the proceeds received therefrom to the checking account of R. L. Watts in the Bank of Paullina, from which R. L. Watts and his attorneys in fact withdrew said moneys. The bank in question did extend credit to R. L. Watts in reliance upon his title and possession of the 80 acres. The indicia of ownership were clearly in R. L. Watts, and the bank had no occasion to know, and did not know, that George W. Watts had or claimed any interest in

the said 80 acres of land through the alleged trust or otherwise. Everything that was done is consistent with the understanding and belief on the part of the bank that R. L. Watts was in fact the real owner of the land. Every act of the interveners', Downing and George W. Watts, is clearly inconsistent with any claim of trust. George W. Watts is estopped from setting up the claim as asserted in his petition of intervention. A contrary finding would open the door whereby a gross fraud could be perpetrated on a bank and its creditors. *Farmers Sav. Bank v. Pugh,* 204 Iowa 580; *Iseminger v. Criswell,* 98 Iowa 382; *Hendershott v. Henry,* 63 Iowa 744. It is immaterial whether or not intentional fraud is shown. George W. Watts is estopped even though there is no fraudulent intent. *Browning v. Kannow,* 202 Iowa 465; *Helwig v. Fogelsong,* 166 Iowa 715.

The claim of these intervener appellants that the deed was in trust for the benefit of George W. Watts rests wholly on their oral testimony, to which valid objections were made at the time  said testimony was offered. The deed, on its face, is an unqualified conveyance, for a valuable consideration; and an express trust, as here claimed, cannot be established by parol. Section 10049, Code, 1927. Appellants rely on the proposition that, if the trustee admits the trust, or if the parol trust has been fully carried out, the statute does not apply, and cite in support thereof *Johnston v. Jickling,* 141 Iowa 444. In the instant case there is no evidence that R. L. Watts "admits the trust." He was not a witness upon this trial. There is no evidence, except the incompetent oral testimony of the appellants, that the warranty deed made by R. L. Watts personally to the other intervener, Downing, personally, was in performance of any trust. Such a claim is even denied by Downing, under oath, in his petition of intervention. It was simply a belated attempt by Downing after the actual trial, and by an amendment, to assert that he meant "the bare legal fee simply title," instead of "the fee-simple title."

Elizabeth Watts, the legal title holder to this 80, with her husband conveyed absolutely these premises to R. L. Watts, and "every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Section 10042, Code, 1927.

The record before us is replete with inconsequential matters, which need not be set out in this opinion. These facts are of no material assistance in determining the issues presented. It may be stated, however, that the record shows that a deed was executed by R. L. Watts, naming Richard Lee Watts, his nephew, as grantee. There is no competent evidence that either R. L. Watts, the grantor, or Richard Lee Watts, the grantee, ever authorized or knew of the change made by Downing therein, making Downing grantee. Under the facts of this case, a court of equity could and should hold that the deed to Downing was not only voidable, but void. After the Richard Lee Watts deed was executed, and the name of the grantee was changed to Downing, the latter retained the deed in his possession, and it was not recorded until September 19, 1927. The instant petition was filed July 27, 1927. Downing had several talks with Rerick, the then acting receiver of the Bank of Paullina, and there was a conversation between them respecting the attachment, and Downing, during that time, said nothing to the receiver about his claim to the 80 acres. Downing admits that the only consideration he paid for the deed was his promise to provide a home and support for George W. Watts and to pay the costs of his burial. This might be called a secret trust; but whatever called, it plays no important role in this case. No trust was in fact established in favor of anyone by any competent proof. The documentary evidence disputes such a claim. The sworn statements of the interveners and their entire course of conduct during the history of this case challenge the theory adopted by them in defending against the pleaded and asserted rights of the plaintiff receiver.

The decree of the trial court is—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.